UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Lorelie Totanes,<br><br>                      Plaintiff<br><br>v.<br><br>Target Corporation,<br><br>                      Defendant | Case No. 2:23-cv-01681-CDS-DJA<br><br>**Order Denying Defendant's Motion for Summary Judgment and Motion for Partial Summary Judgment and Denying Defendant's Motion to Extend Time**<br><br>[ECF No. 30, 40, 43] |

Plaintiff Lorelie Totanes brings this negligence action[1] against defendant Target Corporation. Compl., ECF No. 1-1. Target removed the case from the Eighth Judicial District Court of Clark County, Nevada on October 16, 2023, on the basis of diversity jurisdiction. *See* Pet. for removal., ECF No. 1. Target then filed a motion for summary judgment. Mot. for summ. j., ECF No. 30. That motion is fully briefed. *See* Opp'n, ECF No. 31;[2] Reply, ECF No. 36. Target subsequently filed a motion for partial summary judgment on the issue of punitive damages. Mot. for partial summ. j., ECF No. 40. That motion is also fully briefed. *See* Opp'n, ECF No. 41; Reply, ECF No. 42. For the following reasons, I deny Target's motion for summary judgment and motion for partial summary judgment.

I.    **Background**

The case stems from an incident that occurred at a Target store on July 31, 2021. Guest incident rep., Def.'s Ex. A, ECF No. 30-1. Totanes was shopping at the store with her husband Rodolfo Totanes when she was allegedly hit on the back left side of her body by a U-boat cart

---

[1] Totanes brings four specific causes of action against Target: (1) negligence/gross negligence; (2) negligence per se; (3) negligent hiring, training, and or supervision; and (4) agency/vicarious liability. *See generally* ECF No. 1-1.

[2] Totanes is reminded that all filings must comply with the local rules of this district, including that "all documents must be in a searchable Portable Document Format (PDF)" when possible. LR IC 2-2.

being pushed by Target employee Kaitlyn "Dean" Wathen.[3] *Id.* at 2. She was hit by the U-boat just as she was exiting the alcohol aisle. Interrog. answers, Pl.'s Ex. 19, ECF No. 31-17 at 4. According to Totanes, "[a]t the time of impact, I had just left that aisle and walked into what I call a main aisle (because they are wider) when I was struck on my left side of the cart." *Id.* Totanes also admits that she had seen the U-boat at a distance before she was struck, but presumed she had sufficient time to get to the next aisle. Totanes dep., Pl.'s Ex. 20, ECF No. 31-18 at 36:19–25. After the incident, Target team lead Doyal Conner arrived at the scene, made sure Totanes was okay, and collected information for a Guest Incident Report. ECF No. 30 at 2 (citing ECF No. 30-1 at 2). According to the report, the U-boat was "nearly empty mostly with empty boxes, backstock, etc." ECF No. 30-1 at 3. Totanes stated that another Target shopper, whom she did not know, Ray, helped her after the incident while her husband yelled at a Target employee. ECF No. 30-3 at 56:17–25, 60:24–61:19. Totanes's husband did not witness the incident. Rodolfo Totanes dep., Def.'s Ex. E, ECF No. 30-5 at 32:2–11.

II.     **Legal standard**

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At the summary-judgment stage, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed; the case must then proceed to the trier of fact. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material

---

[3] It appears Kaitlyn Wathen also goes by Dean Dezmon. ECF No. 30 at 2. As the deposition documents refer to the employee as "Kaitlyn 'Dean'" Wathen, I presume Kaitlyn Wathen is the legal name and use Wathen when referring to them.

fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

### III. Discussion

#### A. Target's motion for summary judgment is denied.

Although Totanes brings claims of negligence and negligent hiring, supervision, and training, the motion for summary judgment only addresses the claim of negligence. *See generally* ECF No. 30.[4] In Nevada, to prevail on a negligence claim, the plaintiff must establish four elements: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached its duty; (3) the breach was the actual and proximate cause of the plaintiff's injury; and (4) the plaintiff suffered damages. *Perez v. Las Vegas Medical Ctr.*, 805 P.2d 589, 590–91 (Nev. 1991). In Nevada, "an owner or occupier of land should be held to the general duty of reasonable care when another is injured on that land . . . [and] determination of liability should primarily depend on whether the owner or occupier acted reasonably under the circumstances." *Moody v. Manny's Auto Repair*, 871 P.2d 935, 943 (Nev. 1994). Totanes alleges that Target improperly allowed a "dangerous condition to exist"—the "negligent, reckless and wonton [sic] control, operation and maneuvering of the [U-boat] cart"—and failed to warn or prevent her from encountering the unsafe condition. ECF No. 1-3 at ¶ 10, 13.

In its motion for summary judgment, Target argues that there is no evidence that a dangerous or otherwise unsafe condition existed because Totanes saw the U-boat being pushed

---

[4] Totanes brings claims of negligence and negligence per se in her complaint as separate causes of action, but they are, in reality, one cause of action. *Cervantes v. Health Plan of Nev., Inc.*, 263 P.3d 261, 264 n.4 (Nev. 2011). Therefore, I do not consider the theories separately. Additionally, as vicarious liability is not a separate claim, but another theory of negligence, so I do not consider it separately. *Persike v. Mortensen*, 2018 Nev. Dist. LEXIS 664, at *5 (Nev. Dist. Ct. Apr. 23, 2018) ("Dismissal of the underlying negligence action extinguishes a derivative claim for vicarious liability." (citing *Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1028 (D. Nev. 2013))).

toward her prior to the incident. ECF No. 30 at 9. In response,[5] Totanes argues that the obviousness of a danger does not negate Target's duty to provide reasonable care and that a defendant may still be considered negligent in having created the dangerous condition even when that danger was obvious. ECF No. 31 at 9 (citing *Foster v. Costco Wholesale Corp.*, 291 P.3d 150, 152 (Nev. 2012) and *Harrington v. Syufy Enters.*, 931 P.2d 1378, 1381 (Nev. 1997)). She further argues that there are numerous questions of fact as to whether Wathen was handling the U-boat in accordance with Target's policies and procedures. *Id.* at 6. Specifically, Totanes argues that the U-boat was stacked higher than six feet—which is against policy. *Id.* (citing Connor dep., Pl.'s Ex. 13, ECF No. 31-11 at 38:18–39:9); *see* U-boat photo, Pl.'s Ex. 23, ECF No. 31-21 at 2. She also argues that Wathen was walking behind the U-boat when Wathen should have been pushing it from the side to maintain clear sightlines. *Id.* (citing U-boat safety pamphlet, Pl.'s Ex. 5 (sealed), ECF No. 33 at 3). In reply, Target emphasizes that "[t]he U-Boat was not an unreasonably dangerous condition, as the U-Boat, red in color, was open, obvious, and known to Plaintiff prior to the incident." ECF No. 36 at 13. Target also argues in its reply that "Plaintiff must prove not only that a dangerous condition existed, but that defendant had either actual or constructive notice thereof." *Id.* at 11 (citing *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 323 (Nev. 1993)).

      As a threshold matter, I note that this notice argument misstates the law. The actual or constructive notice requirement to impose liability only exists when the presence of the dangerous condition or hazard was due to the acts of persons "other than agents or employees of the defendant," such as where a shopper leaves a banana peel on the floor of a grocery store and someone else slips. *Eldorado Club v. Graff*, 377 P.2d 174, 175 (Nev. 1962). Because the parties agree

---

[5] Totanes spends the first three pages of her brief arguing that Target has withheld certain video evidence of the incident and also withheld personnel files of Target employees that would be useful to her argument. ECF No. 31 at 1–4. However, Totanes has not filed a motion to compel to obtain this allegedly withheld evidence, nor has she filed a motion pursuant to Federal Rule of Civil Procedure 56(f). *See Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1349, 1443 (9th Cir. 1986); *Foster v. Arcata Assocs., Inc.*, 772 F.2d 1453, 1467 (9th Cir. 1985). These arguments cannot form the basis to oppose Target's summary judgment motion. Further, a "[party] cannot complain if [she] fails to pursue discovery diligently before summary judgment." *Brae Tansp., Inc.*, 790 F.2d at 1443.

that Totanes was hit by a U-boat operated by a Target employee, "liability may be found upon ordinary agency principles; respondeat superior is applicable, and notice is imputed to the defendant." *Id.*

The Supreme Court of Nevada has adopted the approach of the Restatement (Third) of Torts which explains that "landowners bear a general duty of reasonable care to all entrants, regardless of the open and obvious nature of dangerous conditions. The duty issue must be analyzed with regard to foreseeability and gravity of harm, and the feasibility and availability of alternative conduct that would have prevented the harm." *Thompson v. Walmart Inc.*, 2022 U.S. App. LEXIS 19792, at *3 (9th Cir. 2022) (quoting *Foster*, 291 P.3d at 156). Therefore, the mere fact that Totanes was aware of the dangerous condition—the U-boat being pushed toward her—does not automatically require that I grant summary judgment in Target's favor. *Pipkins-Evans v. Allesandro*, 2018 U.S. Dist. LEXIS 246786, at *4 (D. Nev. July 10, 2018) ("The open and obvious nature of a dangerous condition is one of several factors a jury must consider to determine whether [defendant] exercised reasonable care.").

In negligence actions, "courts are generally reluctant to grant summary judgment." *Harrington*, 931 P.2d at 1380. Such is the case here. Viewing the evidence in the light most favorable to Totanes, she raises a genuine issue as to whether Wathen was exercising reasonable care as to the maneuvering of the U-boat. Totanes provides evidence demonstrating that Wathen was pushing the U-boat from the back, thereby obscuring the view of the aisle, and that Target asks its employees to keep sightlines clear when pushing the U-boat, sometimes having employees push the U-boat from the side as needed. ECF No. 33 at 3; Wathen dep., Pl.'s Ex 18, ECF No. 31-16 at 25:19–22. Additionally, Target's Rule 30(b)(6) witness Doyal Conner testified that Target asks employees not to stock the U-boat over six feet in height. ECF No. 31-11 at 39:6–9. As Conner testified that the U-boat itself is approximately five feet tall, *see id.* at 41:9–10, this means the items on the U-boat cannot be stocked higher than one foot above the top. Totanes provides a photo of the U-boat that struck her and argues that the items were stacked so that

they were over one foot above the top of the U-boat. *See* ECF No. 31-21 at 2. A reasonable juror could find that Wathen's stocking and maneuvering of the U-boat was negligent. Although Target argues that Conner stated that Wathen's stocking of the U-boat followed Target's policy because it was not over six feet tall,[6] this fact, even if true, does not warrant summary judgment. *McConnell v. Wal-Mart Stores, Inc.*, 995 F. Supp. 2d 1164, 1169 (D. Nev. 2014) ("Adherence to insufficient polices will not exculpate a defendant any more than non-adherence to sufficient policies will inculpate him.").[7] As Totanes has demonstrated several genuine issues of material fact related to Wathen's maneuvering of the U-boat, summary judgment is inappropriate. Target's motion for summary judgment is denied.

### B. Target's motion for partial summary judgment on punitive damages is denied.

Target argues that Totanes is not entitled to punitive damages because there is no evidence in the record to demonstrate that Target was guilty of express or implied oppression, fraud, or malice. ECF No. 40 at 9. Nor, Target argues, can Totanes demonstrate conduct that "at a minimum" "exceed[s] mere recklessness or gross negligence." *Id.* at 8 (citing *Countrywide Home Loans, Inc. v. Thitchener*, 192 P.3d 243, 255 (Nev. 2008)). I do not reach the merits of this motion as it was filed after the dispositive motions deadline had passed and is untimely. *Compare* order, ECF No. 25 at 3 (stating the dispositive motions deadline is December 16, 2024), *with* ECF No. 40 (filed on February 21, 2025). In its motion for partial summary judgment, Target provides no explanation for its late filing, does not ask the court to extend the dispositive motion deadline, and offers no good cause explanation for the court to do so. *See* Local Rule 26-4 ("A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause

---

[6] Connor dep., Def.'s Ex. I, ECF No. 36-1 at 50:19–22.

[7] Although I cite to Target's policies demonstrating that Target asked its employees to maintain clear sightlines and to not stack the boxes too high, and evidence that Wathen failed to comply with these policies to support my conclusion that a reasonable jury could find Wathen was negligent, I do not mean to indicate that Wathen's non-compliance with the policies insinuates Wathen's culpability. Rather, I simply use the policies as one factor demonstrating there is a genuine issue of material fact over whether a reasonable jury could find Wathen's conduct unreasonable.

for the extension"). Indeed, after Totanes discussed the untimeliness in its response, *see* ECF No. 41, Target merely states that the district court has broad discretion to permit the filing of the motion. ECF No. 42. The same day Target filed its reply, notably after Totanes pointed out the untimeliness of the motion for partial summary judgment, it also filed a motion to extend time. ECF No. 43. That motion merely asserts that "good cause exists since punitive damages is a matter of law that must be determined by the Court, not the jury." *Id.* at 4. This assertion, although true, is entirely irrelevant to the good cause inquiry; the good cause inquiry focuses primarily on the movant's diligence. *Nationstart Mortg., LLC v. D'Andrea Cmty. Ass'n*, 2017 U.S. Dist. LEXIS 135697, at *3 (D. Nev. Aug. 24, 2017). Good cause exists to extend a deadline "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992). As Target has failed to demonstrate good cause for extending the dispositive motions deadline, and because its motion for partial summary judgment on the issue of punitive damages is untimely, it is denied. Target's motion to extend time is denied for the same reasons.

## IV. Conclusion

IT IS THEREFORE ORDERED that Target's motion for summary judgment **[ECF No. 30] is DENIED.**

IT IS FURTHER ORDERED that Target's motion for partial summary judgment on the issue of punitive damages **[ECF No. 40] is DENIED.**

IT IS FURTHER ORDERED that Target's motion to extend time **[ECF No. 43] is DENIED.**

The parties' proposed joint pretrial order is due by September 4, 2025.

Dated: August 4, 2025

_____
Cristina D. Silva
United States District Judge

7