UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Lorelie Totanes,

        Plaintiff

v.

Target Corporation,

        Defendant

Case No. 2:23-cv-01681-CDS-DJA

**Order Rejecting Proposed Joint Pretrial Order**

[ECF No. 49]

      Plaintiff Lorelie Totanes and defendant Target Corporation submitted their proposed joint pretrial order. ECF No. 49. However, because elements of it do not comply with Local Rules 16-3 and 16-4, the parties' proposed joint pretrial order is rejected.

      First, the schedule of exhibits is unclear. It appears that the parties agree to stipulate into evidence all of the exhibits, yet they provide individual schedules—which are virtually identical—and appear to simply list every document that has been produced in this case (based on the consecutive Bates numbering). If there are no objections, which it appears there are none (*see* ECF No. 49 at 10), the proposed exhibits should not contain duplicates and instead be stipulated into evidence. Local Rule 16-3(b)(8)(A) ("[i]dentify the exhibits the parties agree can be admitted at trial"); LR 16-4 § VII(a) (that "may be so marked by the clerk").[1]

      Second, although the parties seek to use depositions for impeachment purposes, which does not require designations, Totanes indicates that depositions "will be offered only in lieu of the witnesses' actual attendance at trial," ECF No. 49 at 10, without designating the specific portions to be offered at trial. LR 16-3(b)(10) requires parties to identify the depositions they intend to offer at trial, "designating the portions of the depositions to be offered." Totanes's

---

[1] Otherwise, the parties must identify with specificity their exhibits, to which the opposing party may lodge any objection thereto.

statement ignores this rule which also makes it impossible for Target to state its objections as required by Local Rule 16-3(b)(11).

Third, both sides' seemingly identical witness lists appear to identify every person who has been identified in discovery, without any analysis as to whether those witnesses are truly needed at trial. Nor is it permissible to include vague identities such as "[a]ny and all persons," as Target has done here.[2] ECF No. 49 at 14–15. This attempt to reserve the right to call literally anyone at trial violates Local Rule 16-3(b)(12) ("A list of witnesses, with their addresses, who may be called at the trial."). Target also includes "[a]ny retained testifying experts." *Id.* at 15. Because the last day to disclose initial experts was September 16, 2024, and the last day to disclose rebuttal experts was October 21, 2024 (*see* Order, ECF No. 25 at 3), the names of Target's experts must be included in the proposed order. Finally, both parties' witness lists include "custodians of records," which would be unnecessary if the parties have stipulated to mark the evidence and have discussed stipulating to authentication and admissibility as required by Local Rule 16-3(b)(8)(B) ("Stipulations on admissibility, authenticity, and/or identification of documents should be made whenever possible.").

Although it appears that the attorneys may have had some meaningful discussions, more effort is required here to streamline trial preparation and presentation, and to foster settlement. Therefore, IT IS ORDERED that the proposed joint pretrial order **[ECF No. 49] is REJECTED**. The parties must confer and submit a second proposed order by October 10, 2025.

Dated: September 11, 2025

_____
Cristina D. Silva
United States District Judge

---

[2] Target's witness list also includes a person most knowledgeable under NRCP 30(b)(6). ECF No. 49 at 14. Target is reminded that the Nevada Rules of Civil Procedure do not apply in this federal court case.